UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jorge B.C., | No. 26-260 (KMM/DLM) |
| Petitioner, | |
| v. | **ORDER** |
| Bondi, et al., | |
| Defendants. | |

This matter is before the Court on Petitioner Jorge B.C.'s Verified Petition for a Writ of Habeas Corpus.[1] [ECF 1.] For the reasons set forth below, the Court grants the petition and Order Jorge B.C.'s immediate release.

## Background[2]

Petitioner Jorge B.C., a citizen of Ecuador, entered the United States in 2023. He was placed in the custody of the Office of Refugee Resettlement, deemed an unaccompanied minor, and released to his mother. [ECF 1, p. 4.] The record does not reflect whether he was placed on any conditions of supervision at the time of his release, but he was given permission to work through an employment authorization. Additionally, Jorge B.C. has an asylum application pending through the Trafficking Victims Protection Reauthorization Act (TVPRA) and is applying for Special Immigrant Juvenile Status. [ECF 1, ¶ 13.] He has no criminal history.

---

[1] In keeping with this District's policy in immigration cases, the Court identifies Petitioner by his first name and last initials or refers to him as "Petitioner."

[2] These factual assertions are taken from Jorge B.C.'s Verified Petition and its supporting exhibit. Respondents have not contested any of the facts set forth in Jorge B.C.'s Petition, so the Court accepts them as true for the purposes of its analysis.

On January 13, 2026, he was taken into custody in the District of Minnesota by ICE Agents as part of Operation Metro Surge. Respondents have offered no administrative warrant supporting his return to custody, nor alleged that he violated any terms or requirements of his previous release. Respondents also do not allege that he has any criminal history that would trigger detention pursuant to 8 U.S.C. § 1226(c) or any other provision. Jorge B.C. alleges that Respondents are detaining him pursuant to 8 U.S.C. § 1225, despite having previously released him pursuant to § 1226.

Respondents' position is that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). They do not point to another basis for his detention.

## Analysis

This case is one of many filed in recent months in this district challenging the application of § 1225(b)(2) to aliens who are already in the United States, either having entered without inspection or having been previously released pursuant to 8 U.S.C. § 1226 or another statute. This Court has previously held that, because such people are not "seeking admission," as set forth in § 1225(b)(2), that provision—which mandates detention—does not apply to them. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025). The same legal conclusion has been adopted by countless district courts around the country in similar cases, by the only Court of Appeals to have decided the issue, and by many courts in this district. The Respondents' position is that *Belsai D.S.* and the many other cases reaching the same conclusion were wrongly decided. The government points out, correctly, that other courts have ruled differently and that the issue is currently pending before the Eighth Circuit, and asks this Court to reconsider its previous decision.

Although the Court has considered the arguments raised by the government, and reviewed the authority cited, the Court declines to repudiate its analysis from *Belsai D.S.* and instead continues to follow the analysis of the strong majority of courts to have considered the matter. Of course, these issues are complex, and the government's arguments are not frivolous. But the Court continues to believe that the better reading of the relevant statutory scheme is that § 1225(b)(2) does not apply to Jorge B.C. or others

who are similarly situated, and his mandatory detention under that provision is not supported by the law.

The Court also notes that Jorge B.C.'s pending asylum petition does not alter the Court's conclusion that detention under § 1225(b)(2) is not appropriate. As U.S. District Court Judge Eric Tostrud recently noted in *Ahmed M. v. Bondi et. Al*, No. 25-cv-4711 (ECT/SGE), 2026 WL 25627, at *2 (D. Minn. Jan. 5, 2026), though admittedly considering a different sort of asylum application, "several courts have determined that asylum applications filed in like circumstances do not change the outcome." *Id.* (collecting cases). The reasoning in Judge Tostrud's opinion, and those of the cases he references, is sound, and the Court declines to find that Jorge B.C.'s application for asylum under the TVPRA triggers mandatory detention under § 1225(b).

## Propriety of Immediate Release

Jorge B.C. alleges that he should be immediately released instead of being granted a bond hearing, and he specifically raised this issue in his opening petition. The Court concludes that immediate release is appropriate in this case. The government has not claimed to have a "warrant issued by the Attorney General" supporting his recent arrest, nor has the government produced one to the Court. As Judge Tostrud also explained, "[s]ection 1226 provides that '*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained.'" *Id.* Judge Tostrud concluded that the issuance of a warrant is a necessary prerequisite to even discretionary detention under § 1226(a), citing several decisions from other districts. *Id.* In *Ahmed M.*, like here, the petitioner had been rearrested with no warrant, and there were no allegations of a violation of the conditions of his previous release. Therefore, the appropriate remedy in *Ahmed M.* was immediate release rather than a detention hearing. *See also Juan S.R. v. Bondi*, 26-cv-05 (PJS/LIB) (Order, Dkt. 8, Jan. 12, 2026) (same). And although *Ahmed M.* was specifically cited in Jorge B.C.'s Verified Petition [ECF 1, ¶ 61], Respondents do not grapple with this argument for immediate release rather than a bond hearing. Similarly, because the Court here has before it neither the administrative warrant contemplated by § 1226, nor a suggestion that Jorge

3

B.C. has done something that justifies revoking his prior release, release is the correct remedy.

## ORDER

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's petition for a writ of habeas corpus is **GRANTED**.

2. The Court **DECLARES** that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and **ENJOINS** Respondents from denying release or other relief on the basis that Petitioner is subject to such mandatory detention.

3. The Court **ORDERS** Respondents to immediately release Petitioner. If there were terms of supervision governing his previous release, they remain in effect. If Jorge B.C. was moved out of the District, he must be returned to the District as soon as possible for release here in Minnesota.

4. Finally, the Court **ORDERS** Respondents to notify the Court and opposing counsel within 24 hours of Petitioner's release, confirming that the release has occurred.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: January 18, 2026                         *s/Katherine M. Menendez*
                                               Katherine M. Menendez
                                               United States District Judge